758 F.2d 652
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARTHA ESTELLE, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-1172
 United States Court of Appeals, Sixth Circuit.
 2/22/85
 
 On Appeal from the United States District Court for the Western District of Michigan
 Before: ENGEL and KEITH, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Martha Estelle appeals the order of the United States District Court for the Western District of Michigan granting defendant's motion for summary judgment and dismissing her complaint in this Social Security disability case. Appellant claims that the Secretary's denial of benefits should not have been upheld by the district court because the Secretary's decision was not supported by substantial evidence. Mrs. Estelle also argues that an administrative law judge's conclusive findings were improperly disregarded during subsequent proceedings.
 
 
 2
 Martha Estelle is a 60-year old woman with a ninth grade education. She previously worked as an inspector and a machine operator in a factory and, briefly, as a spot welder. She has not worked since 1976. Mrs. Estelle suffers from a number of pulmonary problems, including chronic obstructive pulmonary disease, pulmonary fibrosis, pulmonary emphysema, chronic bronchitis, and pulmonary tuberculosis. She also has chronic osteoarthritis, chronic rheumatoid arthritis, and hypertension.
 
 
 3
 On October 13, 1976, Mrs. Estelle applied for Social Security disability insurance benefits. That application was denied. At Mrs. Estelle's request, a hearing was held, and on August 7, 1978, an administrative law judge denied the claim. The Appeals Council upheld the denial, but on June 22, 1981, Judge Enslen of the United States District Court for the Western District of Michigan vacated the Secretary's decision and remanded the cause for consideration of new evidence.
 
 
 4
 A supplemental hearing was then conducted before a second administrative law judge who on September 9, 1981, recommended that Mrs. Estelle be found disabled. The Appeals Council did not adopt the second administrative law judge's recommendation. The Appeals Council was unable to locate the recording of the supplemental hearing and remanded the matter to a third administrative law judge for a rehearing to address the conflict between testimony given by a vocational expert at the first hearing and a vocational expert at the second hearing. The third administrative law judge conducted a second supplemental hearing and in a decision adopted by the Appeals Council on June 29, 1983, recommended a denial of benefits. Mrs. Estelle again sought review of that denial in the district court before Judge Enslen. On January 30, 1984, the district court granted the Secretary's motion for summary judgment, denied Mrs. Estelle's motion for summary judgment, and dismissed the complaint. This appeal followed.
 
 
 5
 On appeal, Mrs. Estelle raises two arguments. First, she claims that the second administrative law judge's credibility determinations were conclusive and were improperly reversed in the subsequent supplemental hearing and decision. Second, she contends that there was not substantial evidence to support the Secretary's decision that work which Mrs. Estelle can perform exists in the national economy in significant numbers.
 
 
 6
 It is unfortunate that in the progress of Mrs. Estelle's claim through the agency and the courts, certain errors were made in the appropriate standards for considering the evidence. However, these errors were ultimately corrected, even though their correction did not inure to any practical benefit to the claimant. At the same time, this process did, in our view, result in very close scrutiny of all the evidence under standards which were eventually proper, and we find ourselves, therefore, obliged to agree with District Judge Enslen that substantial evidence supported the Secretary's final decision.
 
 
 7
 AFFIRMED.